IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**Daniel Bernard Manchas, III,**      )
                                      )
        Petitioner,    )
                                      )
v.                                    )    2:07cv1112
                                      )    Electronic Filing
                                      )    Judge David S. Cercone
**Superintendent of SCI Huntington; Attorney**  )    Magistrate Judge Hay
**General of the State of Pennsylvania,**       )
                                      )
        Defendants.    )

## MEMORANDUM ORDER

AND NOW, this 5th day of June, 2009, after de novo review of the record and upon due consideration of [28] the magistrate judge's report and recommendation filed on January 29, 2009, and [31] petitioner's objections thereto, IT IS ORDERED that petitioner's objections are overruled, the Petition for Writ of Habeas Corpus is dismissed and the concomitant request for a certificate of appealability is denied. The report and recommendation as augmented below is adopted as the opinion of the court.

Petitioner's objections are without merit. First, petitioner has failed to overcome the bar to considering material that was not presented in the PCRA hearing. As thoroughly explained in the Report and Recommendation, this court is not at liberty to consider the expert report from Robert Hicks at this juncture. Furthermore, the financial inability to pay for the report while the PCRA hearing was proceeding is not cause for excusing petitioner's failure to pursue and develop the same or a similar argument/claim before the PCRA court. See Caldwell v. Bell, 9 Fed. Appx. 472, 482 (6th Cir. 2001) (indigence "does not constitute cause for procedural default") (citing Coleman v. Thompson, 501 U.S. 722, 752-55 (1991) (stating that because there is no constitutional right to an attorney in state post-conviction proceedings, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings)).

Moreover, petitioner's efforts at recycling all of his arguments as ineffective assistance of counsel claims are unavailing. Claims of ineffectiveness are evaluated pursuant to Strickland v. Washington, 466 U.S. 668 (1984). The first prong requires the petitioner to demonstrate that counsel's performance was deficient. This requirement is met where "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Flamer v. State of Delaware, 68 F.3d 710, 728 (3d Cir. 1995) (quoting Strickland, 466 U.S. at 687)). This prong requires proof that counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms which existed at the time. Id. The assessment begins with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and the court's scrutiny of counsel's performance is to be highly deferential. Id. (citing Strickland, 466 U.S. at 689); see also Government of Virgin Islands v. Weatherwax, 77 F.3d 1425, 1431 (3d Cir. 1996). The assessment of counsel's performance must be made in light of all the circumstances and the ultimate objective of assuring vigorous advocacy of the petitioner's defense. Id. It also must be made without the "distorting effects of hindsight" and the petitioner has the burden of overcoming the strong presumption that counsel was effective. United States v. Kissick, 69 F.3d 1048, 1054 (10th Cir. 1995).

  The second prong of the Strickland analysis requires a showing that counsel's ineffectiveness was prejudicial. Flamer, 68 F.3d at 728. This prong requires a petitioner to demonstrate that but for counsel's unprofessional errors, there is a reasonable probability that the result of the prosecution would have been different. In this context "[a] reasonable probability is one which is 'sufficient to undermine confidence in the outcome." Id. (quoting Strickland, 466 U.S. at 694). The assessment cannot be based upon generalities, but instead must be based upon a demonstration of how the "specific errors of counsel undermined the reliability of the [outcome]." Flamer, 68 F. 3d at 729 (quoting United States v. Cronic, 466 U.S. 648, 659 n.26 (1984)). Where the alleged error is based upon a failure to make a reasonable investigation or the election to pursue one defense over another, a heavy measure of deference must be accorded to counsel's judgment. As long as there was a reasonable basis for counsel's strategic decision, counsel may not be found to be ineffective. See Weatherwax, 77 F.3d at 1432.

The Commonwealth introduced the testimony of two adults in the trailer that night who survived and the co-conspirator whose father was killed in support of its theory that petitioner fired both shots and specifically shot through the window at the silhouette of the victim, killing him instantly. One of those witnesses, Katherine McKenna, claimed to have witnessed the first and fatal shot coming through the window and killing the victim. Petitioner testified that he fired the first shot through the side of the trailer, but the co-conspirator fired the second shot into the trailer, through the window, thereby killing his own father. Petitioner's defense of who fired the fatal shot was thus squarely placed before the jury for consideration.

Against this backdrop there is no basis to infer that an out-of-court statement by the adult who ran to the bedroom to cover the other children with a mattress upon hearing the first gun shot – who initially indicated he thought the first shot came through the front of the trailer – would have had any influence on the jury's credibility determinations visa-visa the conflicting testimony from petitioner and the co-conspirator and the claimed eye witness to the entry of the first shot. Counsel cannot be held to be ineffective for failing to present additional testimony that may well have come across as detracting from the credibility determination created by the only individuals who were in a position to have actual knowledge of who fired the shots and at what location the first shot entered the trailer.

Moreover, petitioner concedes that there was no scientific evidence to support where the first and fatal shot entered the trailer. See Objections (Doc. 31) at 6. In doing so, he essentially has identified the flaw in his effort to claim that "expert" testimony would have shed light on and corroborated his testimony at trial. Such testimony is only admissible where the proposed subject matter about which the expert will testify "is so distinctly related to some science, profession, business or occupation as to be beyond the ken of the average layman" and "the witness has sufficient skill, knowledge, or expertise in that field or calling as to make it appear that his opinion or inference will probably aid the trier in his search for truth." Commonwealth v. Brown, 596 A.2d 840, 842 (Pa. Super. 1991). In addition, the proposed testimony must be based on a methodology that meets the Frye general acceptance test and is helpful to the jury. See Commonwealth v. Puksar, 951 A.2d 267, 274-75 (Pa. 2008); Commonwealth v. Davies, 811

A.2d 600, 603 (Pa. Super. 2002). And of course, Pennsylvania courts do not permit testimony which is purely speculative. Commonwealth v. Petrovich, 648 A.2d 771, 772 (Pa. 1994).

Here, even a cursory review of the proffered expert report demonstrates that it could not meet any of the above requirements. It reflects nothing more than a Monday morning analysis of the trial testimony and seeks to develop "a theory" about how all the evidence can be viewed in a manner consistent with defendant's version of events. To say it is built on nothing more than rank speculation and conjecture would almost be an understatement. Against this backdrop, it cannot be said that counsel's performance was constitutionally deficient for not seeking to develop such testimony for use at trial. Accord Commonwealth v. Bryant, 855 A.2d at 745 (proposed expert testimony aimed at refuting the Commonwealth's theory was unavailing in PCRA hearing where its effectiveness in doing so was purely speculative); Petrovich, 648 A.2d at 773 (upholding trial court's exclusion of Commonwealth expert's testimony where it was opinion evidence based on conjecture or guesswork).

s/ David Stewart Cercone<br>
David Stewart Cercone<br>
United States District Judge

cc:    Magistrate Judge Hay

       Daniel Bernard Manchas, III
       EU-7366
       SCI Huntingdon
       1100 Pike St.
       Huntingdon, PA 16654-1112

       Counsel of Record